## GURNEE a. ODELL.

*Supreme Court, First District ; At Chambers, November,* 1861.

MODIFICATION OF INJUNCTION-ORDER.—MOTION TO DISSOLVE IN-
JUNCTION BY A PARTY CHARGED WITH DISOBEYING IT.

Where defendant had previously moved to dissolve an injunction, and his motion
had been denied, with leave to renew upon affidavits sufficient to clear him of
misconduct, in disregarding the injunction, by removing the property in diso-
bedience of it ;—*Held*, that the order imposing this condition did not contem-
plate a literal purging of the contempt, or denial of the alleged breach of the
injunction, but was intended merely to require the defendant to purge himself
of a wilful contempt.

When the rights of the parties to an action are yet to be ascertained, the power of
the court to grant injunctions ought not to be so employed as to work a possi-
ble injury to either.

Where, upon an undertaking insufficient to indemnify the defendant against loss,
an injunction had been granted, forbidding him to move a canal-boat in his
possession, and of which he claimed to be the owner, near the close of naviga-
tion, when freights were high, and a brief delay might have caused the loss of
a trip ;—*Held*, that the injunction should be modified so far as to permit the
defendant to employ the boat in the usual and customary method upon the
canals of this State, and upon the Hudson river, not removing the same out of
the State.

Motion to dissolve an injunction.

This action was brought against the defendants Odell and
Beavers, to reach an interest which it was claimed belonged to
the defendant Beavers, in the canal-boat " John N. Gardner."
The plaintiff was the assignee of a judgment-creditor of the
defendant Beavers. An execution had been issued against
Beavers, and returned unsatisfied. The plaintiff commenced the
present action by alleging that three-fourths of the boat belonged
to Beavers, but that it had been bought in the name of the
defendant Odell, in order to hinder, delay, and defraud the
creditors of Beavers. An injunction-order, restraining the de-
fendants from removing or interfering with the boat, was
served upon the defendant Odell. The boat was then lying at

the Commercial Wharf, in Brooklyn; freights were high, and there was barely time to make another trip to Buffalo, and return, before the close of navigation. The defendant Odell moved to dissolve the injunction; the plaintiff produced affidavits charging Odell with having threatened to disregard the injunction, and with having removed the boat in pursuance of these threats. Mr. Justice Sutherland, who heard the motion, denied the same, with leave to renew upon affidavits sufficient to clear the defendant of his alleged misconduct. The defendant Odell renewed the motion, upon affidavits, showing that he had immediately moved to dissolve the injunction, and that he had removed the boat with the intention of returning it to New York, and disclaimed any disrespect to the court and its orders.

*C. V. Santvoord,* for the motion.—I. The plaintiff obtained an injunction on an affidavit of the plaintiff, without any complaint praying for an injunction. This was irregular. It must appear by the complaint that the plaintiff is entitled to the relief demanded. (See *Code,* 219; Hovey *a.* McCrea, 4 *How. Pr.,* 31; Olssen *a.* Smith, 7 *Ib.,* 481; Morgan *a.* Quackenbush, 22 *Barb.,* 72; Walker *a.* Devereaux, 4 *Paige,* 229.)

II. An alleged contempt is not an objection to a motion to set aside for irregularity.

III. It is a general rule, that if the facts on which the complainant's equity rests are positively denied, the injunction must be dissolved. (*Voorhies' Code,* 313, n. 3, § 225.) In this case, not only are the facts denied, but the circumstances by which the defendant Odell acquired title to the boat in his own right as sole owner are fully detailed.

IV. The injunction should at least be modified so as to allow Odell to take care of and use his boat, restraining him only from selling, transferring, assigning, mortgaging, or removing it out of the jurisdiction of the court, until the further order of the court.

V. No contempt has been committed not satisfactorily explained. Odell was obliged to move his boat from where she lay, and taking her to Buffalo for a freight, under the circumstance of his expectation that the injunction would be modified, with the intention to return to New York, was not a violation

of the meaning of the injunction, any more than taking care of the boat would be.

VI. There can be no contempt where there is no prejudice. Although the Code gives the power of punishing disobedience of its orders to the judge, we must refer to the Revised Statutes as to the mode in which that power is to be exercised. (4 *How. Pr.*, 371.) The Revised Statutes give such power only when the rights or remedies of a party in a cause or matter, depending in a court, may be defeated, impaired, impeded, or prejudiced. (3 *Rev. Stat.*, 5 ed., 849.) And in such case it may be punished in the manner pointed out in the statute. (*Ib.*, 850, § 3.) The only punishment to which the defendant in the case would probably be subjected, would be payment of the costs of the proceedings for contempt. (Sullivan a. Judah, 4 *Paige*, 444, 447.)

VII. The plaintiff, by his delay to move, so as to enable the defendant to purge his contempt, if he has ignorantly been guilty of any, has waived his right to set it up as a ground of objection to the motion.

*Charles Edwards*, opposed.

ALLEN, J.—The defendant Odell has leave to renew his motion to dissolve or modify the injunction-order in this cause, "after he shall have served affidavits in such action, sufficient to clear himself" of certain misconduct, alleged against him in the violation of the order.

As the removal of the boat from the place where she was at the time of the service of the injunction, and indeed from the harbor of New York, and sending her to Buffalo in the prosecution of the business in which she had been and was employed, was not denied or disputed, the conditions imposed as the terms of renewing the motion could not have contemplated a literal purging of the contempt, or denial of the alleged breach of the injunction, but was intended merely to require the defendant to purge himself of any wilful contempt of this court. The defendant had not been adjudged guilty of a contempt, but was simply charged, by the affidavits in opposition to the motion, with disrespectful threats to disregard the injunction, and a subsequent disregard of it, apparently in pursuance of such threats.

The language is denied by the defendant, although it is not improbable that in his excitement he may have used language to the effect, or similar to that charged upon him; but he disclaims all intentional disrespect to the court or its powers, and he at once set about procuring a modification of the order. His subsequent removal of the boat is not very satisfactorily explained; and yet his explanation and all the circumstances are entirely consistent with the absence of all intent to violate the injunction to the prejudice of the plaintiff, or in contempt of this court. The injunction-order was very stringent, and incapable, perhaps, of a literal observance; for the boat would not have been permitted to remain, under the spirit of the charter, where she chanced to be at the time of the serving of the injunction; and to lay up the boat in the harbor of New York, just at the close of navigation, with barely time for another trip to and from Buffalo, and at a time when freights were very high, would have produced a serious loss to the defendant, should he eventually succeed in the action. A detention for a very brief period would have caused the loss of the trip, and the undertaking is entirely insufficient in amount to indemnify the defendant for his loss. The rights of the parties have yet to be ascertained, and the power of the court ought not to be so employed as to work a possible injury to either: and no injustice will be done by considering the motion, and leave the plaintiff to his remedy by proceeding against the defendant for the alleged contempt.

Upon the merits, there can be no question that the injunction should be modified. It is not necessary to the protection of the plaintiff, that the boat should be laid up during the litigation. It is proposed that the defendant should be enjoined from disposing of, or encumbering the boat; and if the plaintiff is entitled to any other provisional remedy, it is by the appointment of a receiver, upon a proper case being made. So long as the defendant is charged with a contempt, and that contempt is not fully purged, the order of injunction ought not to be entirely dissolved, and should be only so far modified as to prevent great loss or serious injury to the party. I do not, therefore, concede the grounds urged for a dissolution of the injunction, either for irregularity or upon the merits. At least the defendant should be permitted, if not enjoined, to return the boat to

the harbor of New York, as that would very likely be enjoined upon him, should he be convicted of a contempt; but I am òf the opinion that the injunction should be modified so far as to permit the defendant to employ the boat in the usual and customary method upon the canals of this State, and the Hudson River, not removing the same from or taking her without the State—but without prejudice to any proceedings against the defendant for a violation of the said injunction heretofore committed.

An injunction may be entered accordingly.

---

## MACQUEEN a. BABCOCK.

*Supreme Court, Seventh District; General Term, December,* 1861.

AMENDMENT OF COURSE.—RIGHT TO SET UP NEW DEFENCES.

When a defendant has a right to amend his answer of course, he may amend by setting up a new and separate defence,—even though such defence is of the class usually styled unconscionable.

Hollister a. Livingston (9 *How. Pr.,* 140), overruled.

*It seems,* that no appeal will lie from an order denying leave to amend a pleading.

When a party is obliged to apply to the court for leave to amend his pleading, he will not be allowed to amend by setting up an unconscionable defence.[*]

Appeal from an order at special term, denying leave to serve an amended answer.

The defendant had put in his answer in due time, containing a general denial of the complaint, and other defence. Before the expiration of twenty days after the service of this answer the defendant's attorney served an amended answer, setting up, besides the former answer, the Statute of Limitations. The plaintiff's attorney returned this answer, upon the ground that the defendant could not amend his answer, setting up a new defence,

[*] Compare Allen a. Mapes, 20 *Wend.,* 633 ; and see Morris a. Slatery, 6 *Abbotts' Pr.,* 74.